JUDGMENT
==============================================================================

cc: USA
    UM
    USPO
    PTS.

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 3 0 2004

at 10 o'clock and 55 min. A.M.
WALTER A.Y.H. CHINN, CLERK

NO. 02-10384
CT/AG#: CR-00-00185-SOM

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

EDWARD VELASCO, aka Carlos Perez-Garcia

    Defendant - Appellant

----------------------

APPEAL FROM the United States District Court for the District of Hawaii (Honolulu).

THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is AFFIRMED in part REVERSED in part, VACATE the sentence, and REMANDED.

Filed and entered January 2, 2004

A TRUE COPY
ATTEST       1/26/04

CATHY A. CATTERSON
Clerk of Court

by
Deputy Clerk

**NOT FOR PUBLICATION**

FILED

JAN 0 2 2004

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON
CLERK, U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>EDUARDO VELASCO, aka Carlos Perez-Garcia,<br><br>Defendant - Appellant. | No. 02-10384<br><br>D.C. No. CR-00-00185-SOM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted November 5, 2003
Honolulu, Hawaii

Before: BROWNING, REINHARDT, and THOMAS, Circuit Judges.

Eduardo Velasco appeals the 120-month sentence imposed by the district court following his conviction by guilty plea to various drug offenses. We

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

AFFIRM in part, REVERSE in part, VACATE the sentence, and REMAND to the district court for resentencing in a manner consistent with this opinion.

On April 27, 2000, Velasco was arrested at the Kahului Airport on Maui for transporting 139.9 grams of crystal methamphetamine from California to Hawaii. He was subsequently charged in an eleven-defendant Second Superseding Indictment for: (1) conspiracy to distribute methamphetamine; (2) using a telephone on April 22, 2000 to facilitate the distribution of methamphetamine; (3) aiding and abetting the possession with intent to distribute more than 50 grams of methamphetamine; and (4) illegally reentering the United States after being deported. Prior to trial, Velasco alerted the court that he intended to change his plea to guilty.

A presentence report ("PSR") was prepared for sentencing. It stated that Velasco had two prior sentences for driving under the influence ("DUI"), both occurring in Vista, California. The PSR noted that the arrest records were not available for review, but that the court records reflected that Velasco was first arrested April 27, 1997 for driving under the influence, and then arrested again for a separate incident of driving under the influence nearly two years later, on April 17, 1999. The PSR noted that under the United States Sentencing Commission Guidelines, both offenses were countable, yielding a subtotal of two criminal

2

history points. Because Velasco was on probation for these two DUI convictions at the time the April 22, 2000 offense occurred, the PSR recommended the addition of two criminal history points under § 4A1.1 of the Sentencing Guidelines. Thus, Velasco had a total of four criminal history points, placing him in Criminal History Category III.

The PSR stated that Velasco had been arrested twice by the INS for Attempted Illegal Admission into the United States and for False Claim to United States Citizenship. Velasco was deported on both occasions.

The PSR recommended that Velasco was entitled to a two-point reduction for acceptance of responsibility under § 3E1.1(a) of the Sentencing Guidelines. The PSR recommended that Velasco should not receive the additional one-point reduction under § 3E1.1(b), because he did not provide timely notice of his intent to plead guilty. The PSR recommended that the court award Velasco a two-point reduction under § 3B1.2(b) as a minor participant in the offense. The PSR concluded that Velasco's total offense level was 28, and that he had a Criminal History Category III with a resulting sentencing range of 97 to 121 months.

Velasco was sentenced over the course of several hearings. The district court advised the parties that it intended to adopt the PSR's recommendations. The district court concluded that it was inclined to sentence Velasco near the high

3

end of the 97-121 month range, due in part to its belief that Velasco attempted to mislead the court about his lack of English comprehension during the hearing on his motion to suppress held October 16, 2001. The court sentenced Velasco to a 120-month term of imprisonment, to be followed by a three-year term of supervised release.

First, Velasco contends that the district court erred when it treated his two prior DUI sentences as unrelated for the purpose of calculating his criminal history, because the two offenses were consolidated for sentencing. Whether prior convictions are "related" for the purpose of sentencing enhancement is a factual inquiry reviewed for clear error. United States v. Woodard, 172 F.3d 717, 719 (9th Cir. 1999). Under § 4A1.2 of the Sentencing Guidelines, sentences are combined into one criminal history point if they are "related." United States v. Gallegos-Gonzalez, 3 F.3d 325, 327 (9th Cir. 1993). "In determining whether cases are related, the first question is always whether the underlying offenses were punctuated by an intervening arrest; by the logic and ordering of Note 3 [of § 4A1.2 of the Sentencing Guidelines], that inquiry is preliminary to any consideration of consolidated sentencing." Id.

According to court records, Velasco was first arrested for driving under the influence on April 27, 1997. On April 17, 1999, he was arrested again for driving

4

under the influence. On April 27, 1999, Velasco pled guilty to both charges before the Municipal Court in Vista, California. Velasco does not dispute the accuracy of this information.[1] Under this Circuit's interpretation of Note 3, these two offenses cannot be related, because they were separated by an intervening arrest on April 17, 1999. It is irrelevant that the Municipal Court consolidated these two offenses for sentencing.

Second, Velasco contends that his classification as a Category III offender significantly overrepresented the seriousness of his criminal history, and therefore, the district court erred when it declined to depart downward accordingly. A district court's refusal to depart downward because of overrepresentation of criminal history constitutes a discretionary refusal to depart from the Sentencing Guidelines that is not reviewable upon appeal. United States v. Ruelas, 106 F.3d 1416, 1420 (9th Cir. 1997). Thus, we lack jurisdiction to review the district court's decision.

---

[1] Velasco asserts that the district court should not have relied on the information in the PSR, because it was derived from California's "court records," rather than the "arrest records." Because the conviction information was contained in a PSR that Velasco did not object to below and because the court records relied upon in this PSR bear "sufficient indicia of reliability," United States v. Marin-Cuevas, 147 F.3d 889, 894-95 (9th Cir. 1998), we reject Velasco's contention.

5

Third, Velasco asserts that the district court improperly classified his role in the offense as "minor" rather than "minimal" under § 3B1.2 of the Sentencing Guidelines. We review for clear error a district court's finding that the defendant was a minimal or minor participant in an offense for purposes of § 3B1.2. United States v. Pena-Gutierrez, 222 F.3d 1080, 1091 (9th Cir. 2000). The gravamen of Velasco's argument is that he was a drug courier, and therefore must be a "minimal" participant. However, the mere fact that he acted as a "drug courier" does not compel the conclusion that his role was minimal. See United States v. Davis, 36 F.3d 1424, 1436-37 (9th Cir. 1994). The record reflects that Velasco placed a call from the mainland to arrange the delivery, and traveled from California to Hawaii with the sole purpose of transporting a significant amount of crystal methamphetamine to Hawaii, for which he was to receive $2,000. The district court did not abuse its discretion in concluding that such participation warrants only a two-point reduction for minor participation. See United States v. Zweber, 913 F.2d 705, 710 (9th Cir. 1990), superseded by statute on other grounds as stated in United States v. Webster, 996 F.2d 209, 211 (9th Cir. 1993).

Fourth, Velasco asserts that he is entitled to benefit retroactively from Amendment 640 to the Sentencing Guidelines. This court has recently held that because Amendment 640 "creates an offense level cap that did not previously

6

exist," it brings about a substantive change in the Guidelines. United States v. Diaz-Cardenas, --- F.3d ---, 2003 WL 22455762 at *3 (9th Cir. Oct. 30, 2003). Substantive amendments cannot be applied retroactively, unless they are specifically included in § 1B1.10. Braxton v. United States, 500 U.S. 344, 348 (1991). Because Amendment 640 is a substantive amendment, which is not specifically included in § 1B1.10, it cannot be retroactively applied to Velasco's sentence.

Fifth, Velasco contends that the district court erred when it refused to depart downward. A district court's discretionary refusal to depart downward is not reviewable upon appeal. United States v. Webster, 108 F.3d 1156, 1158 (9th Cir. 1997). We may exercise jurisdiction over a claim only when a district court refuses to depart downward based on a belief that it lacks authority to do so. United States v. Berger, 103 F.3d 67, 69 (9th Cir. 1996). In this case, the district court made it clear that it had discretion to depart downward, but declined to do so. Therefore, we do not have jurisdiction to entertain Velasco's argument.

Finally, Velasco asserts that the district court erred when it refused to grant an additional one-point reduction for acceptance of responsibility. A defendant is entitled to such a reduction when he "timely provid[es] complete information to the government concerning his own involvement in the offense . . . ." U.S.S.G.

7

§ 3E1.1(b)(1) (2002). At the time of his arrest at the airport, Velasco permitted law enforcement officers to search the bag containing the methamphetamine at the airport and provided officers with written and oral statements concerning his involvement in the offense. That Velasco later moved to suppress the methamphetamine does not negate the timeliness of the information he provided at the time of his arrest. United States v. Stoops, 25 F.3d 820, 823 (9th Cir. 1994). The district court erred in denying Velasco the additional one-level reduction in his offense level under § 3E1.1(b)(1). We AFFIRM in part, REVERSE in part, VACATE the sentence, and REMAND to the district court for resentencing in a manner consistent with this opinion.

A TRUE COPY
ATTEST    1/26/04
CATHY A. CATTERSON
Clerk of Court
by: 
Deputy Clerk

MOAPS INVAIT
i

INTERNAL USE ONLY: Proceedings include all events.
02-10384 USA v. Velasco

```
UNITED STATES OF AMERICA              Thomas C. Muehleck, AUSA
     Plaintiff - Appellee             808/541-2850
                                      Suite 6100
                                      [COR LD NTC aus]
                                      Office of the United States
                                      Attorney
                                      Prince Kuhio Federal Building
                                      300 Ala Moana Blvd.
                                      Honolulu, HI 96850

     v.

EDWARD VELASCO, aka Carlos            Gregory T. Grab
Perez-Garcia                          FAX 808/946-0321
     Defendant - Appellant            808/946-4411
                                      Suite 200
                                      [COR LD NTC cja]
                                      LAW OFFICES OF GREGORY T. GRAB
                                      345 Queen Street
                                      Honolulu, HI 96813
```